NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2021 IL App (4th) 190681-U

NO. 4-19-0681

IN THE APPELLATE COURT

FILED
August 17, 2021
Carla Bender
4th District Appellate
Court, IL

OF ILLINOIS

FOURTH DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Champaign County |
| SHERELL WARFIELD, | ) | No. 14CF138 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | Heidi N. Ladd, |
| | ) | Judge Presiding. |

PRESIDING JUSTICE KNECHT delivered the judgment of the court.
Justices Harris and Holder White concurred in the judgment.

**ORDER**

¶ 1   *Held*:   The appellate court affirmed, concluding defendant's postconviction counsel
provided reasonable assistance under Illinois Supreme Court Rule 651(c) (eff.
July 1, 2017).

¶ 2       Defendant, Sherell Warfield, appeals from the second-stage dismissal of his

*pro se* postconviction petition, arguing this court should reverse and remand for further

proceedings because his appointed counsel failed to comply with Illinois Supreme Court Rule

651(c) (eff. July 1, 2017). We affirm.

¶ 3                          I. BACKGROUND

¶ 4                    A. The Charges and Pretrial Motions

¶ 5       In January 2014, the State charged defendant by information with two counts of

predatory criminal sexual assault of a child, a Class X felony (720 ILCS 5/11-1.40(a)(1), (b)(1)

(West 2012)). Count I alleged in December 2012, defendant, who was over the age of 17, committed an act of sexual penetration with De.W., who was under the age of 13 when the act was committed, in that defendant placed his fingers in De.W.'s vagina. Count II alleged in December 2012, defendant, who was over the age of 17, committed an act of sexual penetration with De.W., who was under the age of 13 when the act was committed, in that defendant placed his tongue in or on the vagina of De.W.

¶ 6        Defendant was arraigned in November 2014 along with several other individuals. During the trial court's admonitions to the group, including defendant, the court stated, "[Y]ou have the right to have a trial. You can demand a jury trial or a bench trial."

¶ 7                                B. Jury Trial

¶ 8        Defendant's case proceeded to a jury trial on July 29 and July 30, 2014. During *voir dire*, Juror 95, who was Black (like defendant), stated that over 30 years ago, she and her siblings had been "[m]olested," but no individual had been charged in relation to that allegation. The court then asked, "Is there anything about that the fact that occurred, given the nature of the charge here, that would make it difficult for you to be fair and impartial?" Juror 95 answered in the negative. Juror 95 agreed that she "[w]ould *** be able to set that aside completely and render a fair and impartial verdict based only the evidence *** heard in this case[.]" Defendant's trial counsel accepted Juror 95 as part of a panel including three other jurors. Juror 95 was ultimately selected to be foreperson.

¶ 9        During trial, the jury heard the following evidence. De.W. testified defendant was her biological father, and that in December 2012, he "lick[ed] [her] private part" and "st[uck] his finger up [her] private part." De.W.'s half-siblings, L.W. and J.W., and their mother, Regina, were allowed to testify—under section 115-10 of the Code (725 ILCS 5/115-10 (West 2012))—

- 2 -

that De.W. informed them that defendant orally and digitally penetrated her in December 2013. The State additionally introduced a video recording of De.W.'s December 16, 2013, interview at the Child Advocacy Center (CAC), in which De.W. stated defendant had orally penetrated her.

¶ 10 Defendant testified on his behalf and denied the allegations. On direct examination, defendant claimed De.W. made the allegations in this case against him due to animosity between him and her mother, Regina, with whom he had an on-again, off-again relationship. Also during direct examination, defendant's trial counsel elicited testimony from defendant regarding his two prior convictions, which the trial court had determined were admissible for impeachment purposes during motions *in limine*.

¶ 11 Following closing arguments, the jury found defendant guilty on both counts. In September 2014, the trial court sentenced defendant to 40 years in prison on each count, to be served consecutively. Defendant filed a motion to reconsider his sentences, which the trial court denied.

¶ 12 C. Direct Appeal and Postconviction Proceedings

¶ 13 Defendant appealed, arguing the trial court abused its discretion when it admitted, under section 115-10 of the Code (725 ILCS 5/115-10 (West 2012)), L.W.'s, J.W.'s, and Regina's testimony concerning De.W.'s statements to them about defendant's alleged abuse. *People v. Warfield*, 2017 IL App (4th) 140813-U, ¶ 3. On April 5, 2017, this court affirmed defendant's convictions and sentences. *Id.* On November 22, 2017, the Illinois Supreme Court denied defendant's petition for leave to appeal. *People v. Warfield*, No. 122745 (Ill. Nov. 22, 2017).

¶ 14 On November 2018, defendant *pro se* filed a petition for relief under the Post-Conviction Hearing Act (Postconviction Act) (725 ILCS 5/122-1 to 122-7 (West 2016)),

alleging defendant's constitutional rights were violated because trial counsel, *inter alia*, (1) did not allow defendant to make an informed decision between a jury trial versus a bench trial, (2) failed to request a physical examination of De.W. in order to prepare a defense, and (3) failed to obtain reports from De.W.'s hospital examination and from a police interview of personnel at De.W.'s school for use in preparing a defense. Defendant also alleged his appellate counsel was ineffective for failing to raise the aforementioned issues on direct appeal. Defendant attached two exhibits to the petition: Exhibit A, which consisted of a page from a "supplemental report" from the Champaign Police Department (CPD), which was heavily redacted and contained a reference to "Carle Hospital 03/2014"; and Exhibit B, which was a page from another "supplemental" CPD report, which was also heavily redacted and contained a reference to "Unit 4" under "Employer/School Name."

¶ 15        On January 4, 2019, the trial court entered a written order dismissing defendant's petition as untimely, and defendant filed a notice of appeal. However, in February 2019, the trial court *sua sponte* vacated the dismissal order, stating it was entered prematurely, and struck the notice of appeal. The court thereafter appointed Ed Piraino from the Champaign County Public Defender's Office to represent defendant in his postconviction proceedings and set a briefing schedule. According to the schedule, defendant was required to file his amended petition by May 31, 2019, the State was to file a responsive pleading by July 31, 2019, and defendant was required to file any reply by August 31, 2019.

¶ 16        On March 18, 2019, defendant filed an amended postconviction petition. In the amended petition, defendant argued trial counsel was ineffective for failing to (1) advise defendant regarding his right to a bench trial rather than a jury trial, (2) acquire reports from De.W.'s hospital and school examinations, and (3) advise defendant regarding the risk of being

impeached with his prior convictions when testifying on his own behalf. No affidavits or other materials were attached.

¶ 17          On April 2, 2019, the State filed a motion to dismiss the amended petition, arguing defendant failed to support his amended petition with affidavits or other evidence as required by section 122-2 of the Postconviction Act (725 ILCS 5/122-2 (West 2016)).

¶ 18          On May 1, 2019, defendant filed a second amended petition for postconviction relief, reiterating the claims from the first amended petition but adding a claim that trial counsel was ineffective for ignoring defendant's wish to strike Juror No. 95 and thereby "creating a clear risk of extraneous bias against [defendant] on the jury panel." No affidavits or other materials were attached.

¶ 19          On May 7, 2019, the State filed a motion to dismiss defendant's second amended petition, arguing again that defendant failed to support his petition with affidavits or other evidence as required by section 122-2 of the Postconviction Act (*id.*).

¶ 20          On August 13, 2019, defendant filed a third amended postconviction petition, which incorporated by reference the claims from the second amended petition and added a claim that defendant's counsel on direct appeal was ineffective for failing to raise the issue of ineffective assistance of defendant's trial counsel. No affidavits or other materials were attached. Piraino filed a certificate pursuant to Illinois Supreme Court Rule 651(c) (eff. July 1, 2017).

¶ 21          On August 14, 2019, the State filed a motion to strike, or in the alternative, to dismiss the third amended petition, arguing the third amended petition was untimely and unsupported by affidavits or other evidence.

¶ 22          On August 23, 2019, the trial court entered a written order stating the following:

"[W]ithout leave of court, or a courtesy copy to the court, [defendant] filed a 'Third Amended Petitioner for Post-Conviction Relief' on August 13, 2019, which only came to the court's attention by way of the State's Motion to Strike filed August 14, 2019. While the State's request to strike is reasonable and sets forth a basis to support that request as untimely filed, this court would note that it would prolong the proceedings and create a question of the effectiveness of [defendant's] current counsel if the court were to do so. Accordingly, the court will deny the State's motion to strike the third amended petition.

This court views the third and second amended petition, taken together, not as successive petitions, but as the final 'amended post-conviction petition' which incorporates and replaces all other post-conviction petitions filed before it. Accordingly, this ruling addresses only those most recent petitions filed May 1, 2019 and August 13, 2019."

The court thereafter dismissed the second and third amended petitions, concluding defendant failed to make a substantial showing his rights under the Illinois or United States constitutions were violated.

¶ 23        This appeal followed.

¶ 24                                    II. ANALYSIS

¶ 25        On appeal, defendant argues this court should reverse and remand because defendant's postconviction counsel failed to provide him with reasonable assistance under Illinois Supreme Court Rule 651(c) (eff. July 1, 2017) when he neglected to attach affidavits or other evidence to defendant's amended postconviction petition. We affirm.

¶ 26                            A. Postconviction Proceedings

- 6 -

¶ 27    At the second stage of a postconviction proceeding, a defendant's petition must demonstrate a substantial showing of a constitutional violation. *People v. Pendleton*, 223 Ill. 2d 458, 473, 861 N.E.2d 999, 1008 (2006). All well-pleaded facts that are not positively rebutted by the record must be taken as true. *Id.* During this stage of the proceedings, a defendant is entitled to reasonable assistance of counsel. *People v. Suarez*, 224 Ill. 2d 37, 42, 862 N.E.2d 977, 979 (2007). In order to provide the reasonable assistance required by Illinois Supreme Court Rule 651(c) (eff. July 1, 2017), counsel must meet specific obligations, including (1) consulting with the defendant by phone, mail, or electronic means to ascertain his contentions of a deprivation of a constitutional right; (2) examining the record of proceedings at trial; and (3) making any amendments necessary for the adequate presentation of defendant's contentions. Where postconviction counsel files a facially valid Rule 651(c) certificate, it establishes a rebuttable presumption that counsel provided reasonable assistance. *People v. Wallace*, 2016 IL App (1st) 142758, ¶ 26, 67 N.E.3d 976. To overcome the rebuttable presumption, the defendant must show his postconviction counsel's failure to substantially comply with his duties under Rule 651(c). *Id.* This court reviews whether postconviction counsel provided reasonable assistance in compliance with Rule 651(c) *de novo*. *Suarez*, 224 Ill. 2d at 41-42.

¶ 28                                    B. This Case

¶ 29    Defendant asserts, despite filing a Rule 651(c) certificate, postconviction counsel failed to adequately fulfill his duties as mandated by the rule when he "neither attached affidavits or other documentary evidence to support the allegations in the petitions nor explained the absence of such materials" as required by section 122-2 of the Postconviction Act (725 ILCS 5/122-2 (West 2018)). Specifically, defendant asserts postconviction counsel should have attached (1) the two exhibits attached to defendant's *pro se* petition and (2) an affidavit from

- 7 -

defendant, in which he would aver that (i) trial counsel never informed him that he could elect to have a bench trial rather than a jury trial, (ii) trial counsel did not discuss the potential risks and benefits of opting for a bench trial rather than a jury trial, and (iii) had defendant been aware of this choice, he would have waived a jury trial and proceeded to a bench trial.

¶ 30                                1. *Medical Records and School Interview*

¶ 31          First, it was not unreasonable for postconviction counsel to not attach the supplemental CPD reports that were attached to defendant's initial *pro se* petition because they did not support defendant's argument that his trial counsel was ineffective for failing to investigate De.W.'s medical records and records of her interview with school personnel. As noted by the trial court in its order:

> "The crimes took place in December of 2012 and were not reported until December of 2013. The acts the petitioner was convicted of, which consisted of placing a finger into the victim's vagina and putting his mouth on the victim's vagina, are not the type of acts that would yield physical or medical evidence that would persist for a year."

Moreover, the exhibits defendant claims postconviction counsel ought to have attached are heavily redacted, do not contain any narrative, and do not contain any information relevant to De.W.'s medical records or her interview with school personnel. It was not unreasonable for postconviction counsel to omit these documents because they provided no support for defendant's claims.

¶ 32                                2. *Affidavit from Defendant*

¶ 33          Defendant next argues postconviction counsel did not provide reasonable assistance when he failed to attach an affidavit from defendant stating trial counsel never

informed him that he could elect to have a bench trial rather than a jury trial, trial counsel did not discuss the potential risks and benefits of opting for a bench trial rather than a jury trial, and had defendant been aware of this choice, he would have waived a jury trial and proceeded to a bench trial.

¶ 34　　　　In support of this argument, defendant relies on *People v. Townsend*, 2020 IL App (1st) 171024. In *Townsend*, the First District held the trial court's first-stage dismissal of the defendant's postconviction petition was erroneous because he stated an arguable claim his trial counsel provided ineffective assistance by usurping his decision to receive a bench trial instead of a jury trial. *Id.* In the defendant's petition, he claimed his trial counsel refused to allow him to waive a jury trial, informing him " 'she was running the show and that [he] was getting a jury trial.' " *Id.* ¶ 14. The First District concluded this was sufficient to survive the first stage of proceedings. *Id.* ¶ 46.

¶ 35　　　　We find the instant case is distinguishable from *Townsend*. First, *Townsend* was an appeal from the dismissal of a postconviction petition at the first stage of proceedings, in which the defendant was merely required to state "the gist" of a claim his constitutional rights were violated. *Id.* In contrast, the instant case involves an appeal at the second stage of proceedings, wherein defendant was required to make a "substantial showing" of a constitutional violation. *People v. Beasley*, 2017 IL App (4th) 150291, ¶ 25, 85 N.E.3d 568. As stated *supra*, in determining whether a defendant has made a "substantial showing" of a constitutional violation, the trial court accepts all well-pleaded facts as true unless they are positively rebutted by the record. *Id.*

¶ 36　　　　We conclude postconviction counsel's decision not to attach an affidavit from defendant stating trial counsel did not inform him of his right to a bench trial was not

unreasonable because it would not have supported a substantial claim of ineffective assistance of counsel. Unlike the circumstances presented in *Townsend*, defendant did not claim his trial counsel failed to heed his requests for a jury trial rather than a bench trial. Neither did he claim counsel affirmatively led him to believe he did not have a choice between a jury or bench trial. Rather, defendant claimed he was unaware he had the right to request a bench trial. Defendant's claim is not supported by the record because he was informed by the trial court during his arraignment that he could demand a jury trial or a bench trial. Accordingly, postconviction counsel's decision not to attach such an affidavit from defendant was not unreasonable.

¶ 37　　　　　We do note, however, our agreement with the following comment by the First District in *Townsend*: "While a trial judge is not required to admonish a defendant as to his right to waive a jury trial, we recommend that trial judges confirm directly with defendants whether they are selecting a bench or jury trial. Doing so would be best practice and would easily resolve issues such as the one currently raised on appeal." *Townsend*, 2020 IL App (1st) 171024, ¶ 32.

¶ 38　　　　　We conclude defendant has not overcome the presumption his postconviction counsel substantially complied with Rule 651(c) and remand is not necessary.

¶ 39　　　　　　　　　　　　　　III. CONCLUSION

¶ 40　　　　　For the reasons stated, consistent with Illinois Supreme Court Rule 23(b) (eff. Jan. 1, 2021), we affirm the trial court's judgment.

¶ 41　　　　　Affirmed.