THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* JOHN BARBER, Defendant-Appellant.

Fourth District    No. 16565

Opinion filed March 4, 1981.

912

Claude Hanks, of Creve Coeur, Missouri, and W. Kenneth Alderfer, of Hardin, for appellant.

Charles H. Burch, State's Attorney, of Hardin (Robert J. Biderman and Debra A. Buchman, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. JUSTICE WEBBER delivered the opinion of the court:

Defendant appeals a judgment of the circuit court of Calhoun County entered upon a jury verdict of guilty of the offense of attempted armed robbery in violation of sections 8—4(a) and 18—2(a) of the Criminal Code of 1961 (Ill. Rev. Stat. 1979, ch. 38, pars. 8—4(a) and 18—2(a)). He was sentenced to seven years' imprisonment.

Three issues are presented: (1) Whether the proof of the offense was beyond a reasonable doubt on an accountability theory, (2) whether a statement of defendant made to an arresting officer at the time of arrest was properly admitted, and (3) whether the trial court's denial of a change of venue was error. We affirm.

The evidence disclosed that on December 2, 1979, two men entered a pharmacy in Hardin, Illinois, and after placing a small handgun to the chin of the pharmacist, demanded all of the Class A narcotics on the premises. The pharmacist opened his narcotic locker and this action by him triggered a burgler alarm. The two men then fled to the street, followed by the pharmacist, who observed them get into an automobile driven by a third man. He testified that the driver was not one of the two men who entered the store. The auto was a green Ford product with a black vinyl top and Missouri license plates.

Another witness testified that on the morning in question he saw two automobiles bearing Missouri license plates drive into Hardin. One was a red Monte Carlo with a black vinyl top. This car stopped at a Dairy Queen near the witness' vantage point and thereupon a green Ford with a black vinyl top, driven by a man identified as defendant, came by and picked up the man who had been driving the red Monte Carlo. The Ford was then driven into town. Later the Ford returned from town and two men jumped out of it, got into the Monte Carlo and drove away. Neither of these was the defendant.

Other witnesses observed the green car in a parking lot next to the pharmacy and identified the defendant as being in it.

Two sheriff's deputies testified that they received a call concerning an attempted armed robbery together with descriptions of a green Ford product and a reddish Monte Carlo. Shortly thereafter they sighted the green car off the road headed north out of Hardin. Defendant was found sitting on the passenger side and was arrested.

A police officer from the Illinois Department of Law Enforcement interrogated the defendant on the day following the attempted armed robbery and over objection stated that defendant told him that he had been picked up while hitchhiking on the morning of the offense by two men who told him that they would take him to his destination but that they first had a job to do which would require about three hours. Defendant stated that he agreed to go with them but remembered only crossing a bridge and then losing all recall of events until approximately one-half hour after the offense occurred. Defendant presented no witnesses nor evidence on his own behalf.

■■ Defendant was prosecuted on a theory of accountability. The principles governing accountability are sufficiently well-known and have been reiterated sufficiently often as to need no further repetition here. Suffice it

to say, this was a circumstantial case and in such a case a jury may infer an agreement from the circumstantial evidence for the defendant to attach himself to a group which combines to act in circumstances showing a common design to do an unlawful act to which all of the parties subscribe. (*People v. Bolden* (1978), 59 Ill. App. 3d 441, 375 N.E.2d 898.) Defendant acknowledges this proposition of law but argues that the circumstances here were insufficient to meet the test. We disagree. There was evidence of defendant as the driver of the green car, picking up the other two men before the commission of the offense, waiting in the parking lot while the offense was being attempted, leaving with the other men afterwards and dropping them off at the red car.

■■ Defendant relies principally on *People v. Ivy* (1979), 68 Ill. App. 3d 402, 386 N.E.2d 323. We observe significant factual differences in *Ivy* from the instant case. While both *Ivy* and the instant case might be characterized as lookout situations, the evidence in *Ivy* was much weaker and more doubtful. In it the defendant was observed only briefly in the train station with the assailants and afterwards apprehended in the same car with them. He was out of the area during what appeared to be a spur-of-the-moment offense and there was doubt as to his ability to participate. *Ivy* is inapposite. There was sufficient circumstantial evidence in the instant case upon which the jury could find defendant guilty as an accomplice.

Defendant's next issue concerns his statement to the officer about his recollections of the morning. The statement was the subject of a motion *in limine* to suppress. The trial court denied the motion and overruled an objection to it at trial. The court ruled that the statement regarding the hitchhiking was admissible to show a nexus between the defendant and the other individuals involved. Defendant argues that it was an assertion of innocence in the face of an accusation of guilt and hence not admissible under the rule of *People v. Biloche* (1953), 414 Ill. 504, 112 N.E.2d 162. We find the rule inapplicable to the facts in this case.

*Biloche*, and its kindred cases, deal with what has been called the "tacit" or "adoptive" confessions. These are described as follows:

> "Pursuant to the general rule regarding adoptive admissions, evidence has generally been held admissible that an accusatory statement was made in the presence and hearing of an accused and that his response was such as to justify the inference that he agreed with or 'adopted' the accusation. The response may be simple silence, or it may be an 'equivocal' response, *i.e.*, one that does not clearly challenge the accuracy of the accusation. The response may also consist of conduct from which the accused's belief in the truth of the assertion can be inferred. Underlying the rule is the assumption that human nature prompts an innocent man to deny false accusations and consequently a failure to deny a particular

accusation tends to prove belief in the truth of the accusation." McCormick, Evidence §161, at 353 (2d ed. 1972).

The corollary to this proposition is that if the accusation is denied by the defendant, it is not admissible. (*Biloche.*) The reason was well-stated by the California Supreme Court in *People v. Simmons* (1946), 28 Cal. 2d 699, 712, 172 P.2d 18, 25: "If the accused responds to the statement with a flat denial, there is no admission and hence nothing that may be received in evidence."

■■ It is apparent at once that the central circumstance necessary to invoke the rule is a statement or accusation by a third party who purports to have knowledge of the facts. In *Biloche,* it was the statement of Manning who had purchased narcotics from the defendant. In *People v. LaCoco* (1950), 406 Ill. 303, 94 N.E.2d 178, it was the confession of a codefendant listened to by another codefendant through earphones. In *People v. Kozlowski* (1938), 368 Ill. 124, 13 N.E.2d 174, an officer read a codefendant's confession to another codefendant. In *People v. Harrison* (1914), 261 Ill. 517, 104 N.E. 259, it was the confession of a codefendant.

■■ In the instant case no element of this central circumstance is present. The officer simply inquired of defendant what happened. The request was nonaccusatory and any denial would be meaningless. The tacit-confession-denied rule does not apply, and defendant's statement was an admission of his presence in the area of the offense. As such it was admissible, and no error occurred.

■■ Defendant's final issue relates to his motion for a change of venue based upon adverse publicity. We have examined the record with care and find no basis for such a change. The newspaper articles presented were factual and contained nothing of an inflammatory nature. All of the jurors finally selected indicated that they had not discussed the case nor read anything about it since the initial articles, and that they could be fair and impartial. This is sufficient to qualify the jurors. *People v. Williams* (1968), 40 Ill. 2d 522, 240 N.E.2d 645.

■■■ Furthermore, there was a five-month lapse of time from the event to the trial. Such a lapse is significant in judging the necessity for a change. (*People v. Bixler* (1971), 49 Ill. 2d 328, 275 N.E.2d 392; *People v. Berry* (1967), 37 Ill. 2d 329, 226 N.E.2d 591.) The determination rests within the sound discretion of the trial judge, and we find nothing in this record which would justify our interference. *People v. Peters* (1975), 33 Ill. App. 3d 284, 337 N.E.2d 716.

Defendant's conviction is affirmed.


Affirmed.


TRAPP, P. J., and GREEN, J., concur.