NO. 4-02-0046

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

THE PEOPLE OF THE STATE OF ILLINOIS, ) Appeal from

Plaintiff-Appellee, ) Circuit Court of

) Champaign County

TESHOME CAMPBELL, ) No. 97CF1862

Defendant-Appellant. )

) Honorable

) Jeffrey B. Ford,

) Judge Presiding.

_________________________________________________________________

JUSTICE COOK delivered the opinion of the court:

Defendant, Teshome Campbell, appeals the December 2001 summary dismissal of his 
pro
 
se
 postconviction petition on the grounds of 
res
 
judicata
 and waiver.  We reverse and remand.

Defendant was convicted of first degree murder (720 ILCS 5/9-1(a)(2) (West 2002)) on October 15, 1998.  The evidence at trial indicated that defendant sold fake drugs to the victim on a street corner during the early morning hours of December 25, 1997.  When the victim returned to complain, a fight ensued between defendant and the victim, and five to nine of defendant's friends joined in.  The victim, severely beaten, died a month later.  The trial court sentenced defendant to 55 years in prison.  Defendant's conviction was affirmed by this court, with one justice dissenting.  
People v. Campbell
, 332 Ill. App. 3d 721, 773 N.E.2d 776 (2002).

In November 2001, while defendant's appeal was pending, he filed a petition for relief under the Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 through 122-8 (West 2002)).  The petition alleged that defendant had been deprived of effective assistance of counsel because his trial lawyer had failed to call a material witness, Juanchez Booker, and that numerous instances of prosecutorial misconduct had produced an unfair trial.  Booker had been sentenced to 20 years in prison for his involvement in the murder.  Booker's affidavit, attached to the petition, claimed that he had been willing to testify that defendant was not involved in the beating, but defendant's lawyer refused to call him as a witness.  Defendant's affidavit states that although he asked his attorney to call Booker as a witness, his attorney told him it would be "a waste of time."

In December 2001, the circuit court summarily dismissed the petition.  The court stated that the ineffective assistance claim should have been raised on direct appeal and was therefore waived.  As to the allegations of prosecutorial misconduct, defendant acknowledged they were identical to those made on direct appeal; in fact, most of the petition is simply a copy of the brief on appeal.  The trial court found that these allegations were barred by 
res
 
judicata
, although the appeal had not then been decided.  The court accordingly found that the petition was frivolous and patently without merit.  Defendant appeals.  We consider this issue 
de
 
novo
.  
People v. Coleman
, 183 Ill. 2d 366, 388-89, 701 N.E.2d 1063, 1075 (1998).

At the first stage under the Act, the circuit court, independently and without considering any argument by the State, determines whether the petition is "frivolous or is patently without merit."  725 ILCS 5/122-2.1(a)(2) (West 2000).  "The court is *** foreclosed from engaging in any fact finding or any review of matters beyond the allegations of the petition."  
People v. Boclair
, 202 Ill. 2d 89, 99, 789 N.E.2d 734, 741 (2002).  However, the Act allows the trial court, at the summary dismissal stage, to "examine the court file of the proceeding in which the petitioner was convicted, any action taken by an appellate court in such proceeding and any transcripts of such proceeding."  725 ILCS 5/122-2.1(c) (West 2002).  To survive dismissal at this stage, the petition must only present "the gist of a constitutional claim."  
People v. Gaultney
, 174 Ill. 2d 410, 418, 675 N.E.2d 102, 106 (1996).  If the petition survives the initial stage, the court may appoint counsel and counsel will have an opportunity to amend the petition.  If the State does not file a motion to dismiss or if the motion is denied, the circuit court will proceed to the third stage and conduct an evidentiary hearing on the merits of the petition.  725 ILCS 5/122-1 through 122-8
 (West 2000).  

The courts have significantly limited the scope of section 122-2.1(a)(2) summary dismissal in recent decisions.  Summary dismissal may not be entered on the basis the petition is untimely.  "If a petition is untimely that does not necessarily mean that the petition lacks 
merit
."  (Emphasis added.)  
Boclair
, 202 Ill. 2d at 101, 789 N.E.2d at 741.  A petition is not untimely unless petitioner is culpably negligent in filing his petition late, and that requires the court to make an assessment of petitioner's credibility.  At the initial stage, the court should only determine whether the petition alleges constitutional deprivations.  "The process at the summary review stage measures a petition's substantive virtue rather than its procedural compliance."  
Boclair
, 202 Ill. 2d at 102, 789 N.E.2d at 742; 
cf.
 
People v. Collins
, 202 Ill. 2d 59, 782 N.E.2d 195 (2002) (petition dismissed at first stage for failure to file separate affidavit stating that petitioner requested counsel to file appeal).  

Subsequent decisions have held that a first-stage petition may not be dismissed based on 
res
 
judicata
 or waiver.  "Like timeliness, the doctrines of waiver and 
res
 
judicata
 do not address the question of whether a claim is frivolous or without merit; rather, they constitute procedural bars to a defendant's right to prevail on a claim, regardless of its substantive merit."  
People v. McGhee
, 337 Ill. App. 3d 992, 995, 787 N.E.2d 324, 326 (2003); 
People v. Blair
, 338 Ill. App. 3d 429, 431-32, 788 N.E.2d 240, 242 (2003), 
appeal
 
allowed
, 205 Ill. 2d 594 (2003); 
contra
 
People v. Smith
, 341 Ill. App. 3d 530, 536-37, 794 N.E.2d 367, 376 (2003) (involving a successive postconviction petition).  "Like timeliness, waiver is in the nature of an affirmative defense that the State may either raise, waive, or forfeit.  Whether an issue is waived does not determine whether an issue has merit."  
People v. Stivers
, 338 Ill. App. 3d 262, 264, 781 N.E.2d 395, 398 (2003).

A different approach was taken in 
People v. Etherly
, No. 1-01-4166, slip op. at 4 (November 21, 2003) (First District), where it was held that 
res
 
judicata
 can provide the basis for first-stage dismissal where the facts are undisputed regarding an issue that has in fact been raised and previously ruled upon.
  Again, the Act directs the trial court, at the summary dismissal stage, to consider "any action taken by an appellate court in such proceeding."  725 ILCS 5/122-2.1(c) (West 2002).  
Res
 
judicata
 questions regarding issues that merely could have been raised, however, are not properly resolved at the first stage, and strict application of 
res
 
judicata
 and waiver will be relaxed where the alleged waiver stems from incompetency of counsel.  
Etherly
, slip op. at 13-14.  

Summary dismissal was intended to achieve judicial economy by the prompt elimination of meritless petitions.  Summary dismissals that regularly require the attention of the reviewing courts do not achieve judicial economy.  "The steady flow of cases coming to this court with procedural quirks arising from the amendments leads me to believe that problems will continue to mount in this area."  
Boclair
, 202 Ill. 2d at 119, 789 N.E.2d at 751 (Freeman, J., specially concurring).  A trial court should not grant a summary dismissal unless it is clear that the petition is frivolous or without merit.  

Applying the above decisions, we conclude that the trial court's order must be reversed.  The argument that the failure to call Booker was waived by the failure to raise it on direct appeal cannot be addressed at the summary dismissal stage.  Even assuming that a case which is on appeal but has not been ruled upon can somehow constitute 
res
 
judicata
, summary dismissal on that basis was inappropriate here.  The direct appeal did not consider whether trial counsel was ineffective for failing to call Booker, although it did consider whether trial counsel was ineffective for failing to call other witnesses.  
Res
 
judicata
 issues that have not been raised and ruled upon, issues which merely could have been raised, are not properly resolved at the first stage.  
Etherly
, slip op. at 9, 13-14.

For the reasons stated, we reverse the trial court's judgment and remand for further proceedings.

Reversed and remanded.            

KNECHT, P.J., and McCULLOUGH, J., concur.