THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. GARY D. KIMBLE, Defendant-Appellant.

Fourth District   No. 4—03—0516

Opinion filed June 9, 2004.

Daniel M. Kirwan, of State Appellate Defender's Office, of Mt. Vernon, for appellant.

John P. Schmidt, State's Attorney, of Springfield (Norbert J. Goetten, Robert J. Biderman, and Perry L. Miller, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE TURNER delivered the opinion of the court:

In August 2001, pursuant to a plea agreement, defendant, Gary D. Kimble, pleaded guilty to aggravated battery of a child (720 ILCS 5/12—4.3(a) (West 2000)), and the trial court sentenced him to 10 years' imprisonment. After an October 2001 hearing, the court denied defendant's motion to withdraw his guilty plea. In March 2003, defendant filed a *pro se* postconviction petition. In April 2003, the court summarily dismissed defendant's petition, finding his claim was frivolous and patently without merit.

Defendant appeals, contending the trial court erred in summarily dismissing his postconviction petition. We affirm.

## I. BACKGROUND

In July 2000, the State charged defendant with aggravated battery of a child in relation to a June 24, 2000, incident. On that date, defendant's daughter, Alexis C., sustained permanent injuries that doctors diagnosed were the result of shaken-baby syndrome.

Defendant and the State entered into a plea agreement, under which defendant was to plead guilty to aggravated battery of a child, and the State would dismiss other pending charges and recommend a sentence of 10 years' imprisonment. At the August 2001 guilty plea hearing, defendant denied several times that he intended to harm Alexis, and the trial court refused to accept his guilty plea. Defendant eventually approached the court and admitted "knowing that I shook and that would cause great bodily harm to Alexis [C.]" The court asked defendant if his plea was voluntary, and defendant replied in the affirmative. The court also asked if defendant was satisfied with the performance of his hired attorney, John Alvarez, and defendant again replied in the affirmative. Defendant then pleaded guilty to aggravated battery of a child.

In August 2001, defendant filed a *pro se* motion to withdraw his guilty plea. In October 2001, Robert Scherschligst, defendant's counsel on the postplea motion, filed an amended motion to withdraw defendant's guilty plea, asserting (1) the factual basis for the guilty plea was insufficient, (2) the guilty plea was not knowing and voluntary, (3) the guilty plea was based on a misapprehension of fact and law, (4) defendant's trial counsel coerced him to plead guilty, and (5) defendant's trial counsel was ineffective.

The trial court held a hearing on the amended motion. Defendant testified Alvarez did not (1) provide him with discovery materials, (2)

accept his collect calls, and (3) discuss the facts of the case or the nature of the offense with him. According to defendant, Alvarez kept telling him to accept the plea agreement or he would get 15 to 20 years' imprisonment.

The State presented the testimony of Alvarez, who testified that, while he was not sure if he provided defendant copies of the discovery materials, he was certain he went through and discussed the medical reports with defendant. Based on those reports, Alvarez informed defendant he expected a guilty verdict if they went to trial and recommended defendant accept the plea agreement.

After the hearing, the trial court denied defendant's motion. Defendant appealed the court's judgment, alleging the court erred in denying his motion to withdraw his guilty plea. In October 2002, this court affirmed that judgment. *People v. Kimble*, No. 4—01—0912, slip order at 11 (October 31, 2002) (unpublished order under Supreme Court Rule 23).

In March 2003, defendant filed a *pro se* postconviction petition, asserting he was denied effective assistance of appellate counsel because his appellate counsel did not argue he was denied effective assistance of trial counsel. Specifically, he argued his trial counsel coerced him into pleading guilty, and despite his request, his counsel did not provide him with the victim's medical reports that indicated she had been injured prior to having contact with defendant. Defendant also attached to his petition two medical documents regarding his daughter's injuries.

In April 2003, the trial court summarily dismissed defendant's petition as frivolous and patently without merit because the issue of trial counsel's effectiveness was raised in both the trial and appellate courts. This appeal followed.

## II. ANALYSIS

Defendant alleges the trial court erred in summarily dismissing his postconviction petition. This court reviews *de novo* a trial court's dismissal of a postconviction petition without an evidentiary hearing. *People v. Simms*, 192 Ill. 2d 348, 360, 736 N.E.2d 1092, 1105-06 (2000).

Under the Post-Conviction Hearing Act (Act) (725 ILCS 5/122—1 through 122—8 (West 2002)), the trial court must first, independently and without considering any argument by the State, determine whether the petition is "frivolous or is patently without merit." 725 ILCS 5/122—2.1(a)(2) (West 2002). To survive dismissal at this first stage, the petition need only present "the gist of a constitutional claim," which is "a low threshold." *People v. Gaultney*, 174 Ill. 2d 410, 418, 675 N.E.2d 102, 106 (1996).

■ Additionally, a petition brought under the Act is not a direct appeal but rather is a collateral proceeding that permits inquiry only into constitutional issues that defendant did not raise and could not have raised on direct appeal. Thus, issues defendant raised on direct appeal are barred from consideration by the doctrine of *res judicata*, and issues that defendant could have raised, but did not, are considered forfeited. *People v. Williams*, 209 Ill. 2d 227, 233, 807 N.E.2d 448, 452 (2004). A defendant cannot avoid the bar of *res judicata* by simply rephrasing issues previously addressed on direct appeal. *Simms*, 192 Ill. 2d at 360, 736 N.E.2d at 1105. However, the doctrines of *res judicata* and forfeiture will be relaxed in the following three circumstances: (1) where fundamental fairness so requires, (2) where the waiver stems from the ineffective assistance of appellate counsel, or (3) where the facts relating to the claim do not appear on the face of the original appellate record. *Williams*, 209 Ill. 2d at 233, 807 N.E.2d at 452. A first-stage dismissal can be based on *res judicata* where the facts are undisputed as to an issue that has in fact been raised and adjudicated. *People v. Etherly*, 344 Ill. App. 3d 599, 613, 801 N.E.2d 99, 112 (2003).

■ In this case, while defendant uses different terminology and some additional allegations to assert he was denied effective assistance of trial counsel, defendant's claim of ineffective assistance of trial counsel has already been raised, and the trial court has already held a hearing on that claim. Thus, defendant was given an opportunity to litigate fully his ineffective-assistance claim. As stated, the bar of *res judicata* cannot be avoided by simply rephrasing issues that have already been raised. *Simms*, 192 Ill. 2d at 360, 736 N.E.2d at 1105. A defendant also cannot avoid *res judicata* by adding an additional allegation that is encompassed by a previously adjudicated issue. To hold otherwise would encourage defendants not to state all of the allegations in support of an argument so they could avoid summary dismissal of their postconviction petition based on *res judicata*. Since defendant's ineffective-assistance-of-trial-counsel argument had already been addressed, the trial court did not err in summarily dismissing defendant's postconviction petition.

Additionally, we note this case is distinguishable from this court's decision in *People v. Campbell*, 345 Ill. App. 3d 810, 814, 803 N.E.2d 1047, 1051 (2004), which was limited to the unique situation presented by the facts of that case.

## III. CONCLUSION

For the reasons stated, we affirm the trial court's judgment.

Affirmed.

STEIGMANN and McCULLOUGH, JJ., concur.