NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2025 IL App (4th) 240082-U

NO. 4-24-0082

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
January 8, 2025
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) | Appeal from the Circuit Court of |
| Plaintiff-Appellee, | ) ) | Peoria County No. 19CF112 |
| v. | ) ) | |
| JOSHUA L. McCALL, | ) ) | Honorable Katherine S. Gorman, |
| Defendant-Appellant. | ) | Judge Presiding. |

JUSTICE VANCIL delivered the judgment of the court.
Justices Steigmann and Doherty concurred in the judgment.

**ORDER**

¶ 1    *Held*:  The appellate court reversed the first-stage dismissal of defendant's postconviction petition, finding the petition stated the gist of a constitutional claim that he was denied effective assistance of counsel where counsel refused to let him waive a jury trial.

¶ 2    Defendant, Joshua L. McCall, appeals the summary dismissal of his *pro se* postconviction petition for relief. He argues his petition stated the gist of a constitutional claim that he received ineffective assistance of trial counsel where counsel denied him the opportunity to waive his right to a trial by jury.

¶ 3    We agree and reverse.

¶ 4                                I. BACKGROUND

¶ 5    On February 26, 2019, defendant was indicted on one count of predatory criminal sexual assault of a child (720 ILCS 5/11-1.40(a)(1), (b)(1) (West 2016)), a Class X felony (count

I), and one count of aggravated criminal sexual abuse (*id.* § 11-1.60(c)(1)(i), (g) (West 2016)), a Class 2 felony (count II).

¶ 6        On October 21, 2019, the trial court began jury selection for defendant's trial. At the beginning of proceedings, the court asked defense counsel if anything should be brought to the court's attention. Defendant responded himself, stating, "We are not ready to go to trial yet." The court clarified that the question was directed to defendant's attorney. Defense counsel requested a continuance in order to "seek out an expert on behalf of [defendant]" regarding recently received DNA results. The court denied the request, stating its belief that defendant raised the issue with his lawyer "in a disingenuous manner for purpose of delay." The court then told defendant he would be provided with court-appropriate clothing for the jury selection that was to occur that afternoon. Defendant replied that he would not put it on.

¶ 7        The trial court then took a recess. When proceedings resumed, the court began by recounting the events of the morning for the record, specifically that defendant initially refused to leave his jail cell to come to court and had to be shackled and brought in by the sheriff's personnel. The court asked defendant if he wished to participate in the proceedings, reminding him that any attempt to disrupt proceedings or prevent the trial from going forward would not be successful. Defendant and the court had the following exchange:

> "THE DEFENDANT: [Judge], I never asked for a jury trial. I wanted a bench.
>
> THE COURT: Now, [defendant], that is the first time anyone has ever heard that. So you're allowed to have a bench trial, but I want you to talk with your lawyer before you do that. So do that privately, will you?"

¶ 8        Another recess was taken to allow defendant and his counsel to speak. The record

begins again with the trial court asking defendant if he wished to move ahead with a conference pursuant to Illinois Supreme Court Rule 402 (eff. Jul 1. 2012) regarding a possible guilty plea. Defendant answered affirmatively, and the court held an off-the-record Rule 402 conference. Following the conference, the court stated that the parties were unable to reach an agreement, and so the trial would continue. The court told defendant, "You understand that you have a right to a jury trial or a bench trial. We're having a jury trial." The remainder of the proceedings that day were devoted to jury selection. At no point in the proceedings did defendant reassert his prior demand for a bench trial.

¶ 9        On the second day of proceedings, the trial court encountered further difficulties with defendant. In between testimony from witnesses, the court paused the proceedings and excused the jury. In the jury's absence, the court stated:

"I want the record to reflect that the Defendant has appeared in court during this trial and his conduct has been unremarkable, other than until yesterday's jury selection when he repeatedly sought to unreasonably delay this trial *** by, among other things, refusing to leave his cell and pod at the Peoria County Jail, by informing his attorney he would not participate in his own trial, a trial he has always steadfastly demanded.

Only after I twice instructed authorities to physically remove the Defendant from the jail and transport him to this courtroom, he finally arrived ***.

He said after arriving he had never even wanted a jury trial. He wanted a bench trial. That, of course, was untrue. The Defendant then said he wanted a [Rule] 402 conference. So we had that. ***

During testimony this afternoon, I quietly observed the Defendant working his jail ID wristband down from being hidden beneath the sleeve of his long and cuffed button shirt so that it was fully exposed on his left wrist. ***

Then[,] just as the previous witness was entering the courtroom and the jury was present, the defendant stood up and loudly stated to the jury, while he pointed to his ID band, that he wanted them to know he was locked up and in jail. Mission accomplished, [Defendant]. This trial continues."

¶ 10        Later, in the middle of a witness testifying about DNA processing, defendant suddenly interjected, "I'm being forced to go to trial. Why is this, man?" As the trial court attempted to excuse the jury, defendant again stated, "I'm locked up in the county jail." Outside of the jury's presence, defendant addressed the court, saying, "I don't understand why you're forcing me to go to trial. I asked you for a continuance for a reason. My witness—I ain't got no witness here yet that I need." The court admonished defendant of his right to participate in his trial but noted that disruptions would not be tolerated. Defendant responded, "I mean, my *Miranda* rights [(see *Miranda v. Arizona*, 384 U.S. 436 (1966))] were never read to me after the police questioned me. I mean, how are they getting away with this?" He stated he would continue to interject during witness testimony. He then demanded to represent himself, which the court refused. The court had defendant removed for the remainder of the day's proceedings.

¶ 11        On the third day of trial, defendant appeared for court wrapped in a suicide blanket, having refused to dress. On questioning by the trial court, defendant stated his belief that the trial was a "one-sided affair" in which he had "no say-so about anything." After speaking with the court, defendant chose to dress and participate in his trial. However, after all the witnesses had testified, prior to closing arguments, the court was informed that defendant had

again removed his clothing during a recess. Defendant was brought to the doorway of the courtroom and admonished of his right to be present at trial. When he still refused to dress, the court continued the trial without him. The jury found defendant guilty of both counts.

¶ 12 Defendant filed a motion for a new trial, alleging multiple errors. At a hearing on December 18, 2019, his motion was denied and the trial court proceeded to sentencing. A detective for the Peoria Police Department testified about statements defendant's victim made but was interrupted when defendant suddenly interjected that the statements were a lie. Defendant was removed to a holding cell, where, according to the court, he "continued to yell, and scream, and swear, and share his unkind and inappropriate thoughts." After the witness finished testifying, the court directed defense counsel to go to the holding cell and ask defendant if he wished to make a statement in allocution. Defense counsel returned, stating that defendant indicated he made a request to go *pro se* in the weeks prior and wanted to discuss it with the court. The court responded that defendant was "just making it up because he was saying nothing about *pro se* or anything in these rants before he was going out. He simply wants to make noise." The court added, "The record should reflect the defendant has been disingenuous all along the way."

¶ 13 Defendant was sentenced to 44 years on count I, followed by a period of three years to life of mandatory supervised release. No sentence was imposed on the second count. Defense counsel inquired if defendant would receive credit for his participation in the Peoria County Jobs Partnership Program. The trial court refused, finding that it did not apply.

¶ 14 Defendant appealed, arguing that (1) his right to a speedy trial was violated and (2) the trial court erred in refusing to calculate his sentence to include his participation in the partnership program. The Third District found that defendant's right to a speedy trial was not

violated but remanded with instructions to modify defendant's sentence to include the sentencing credit. *People v. McCall*, 2022 IL App (3d) 190780-U, ¶ 1-2.

¶ 15        On September 25, 2023, defendant filed a *pro se* postconviction petition where he raised, among other issues, the claim that he was denied effective assistance of trial counsel where counsel would not allow him to select whether he wanted a bench or jury trial. Defendant's petition states, in relevant part:

> "[T]he Petitioner's trial counsel's representation fell below a standard of reasonable professional competence; where counsel would not allow the Petitioner to pick and choose what type of trial he wanted to proceed with. Prior to Petitioner's trial prior to a hearing for jury selection[,] the court was notified by Petitioner of his desire to have a bench trial at the earliest possible time. Petitioner's lawyer made the decision without first talking to his client. The lawyer chose to have a jury trial. This right belongs exclusively to the Petitioner and not counsel.
>
> *** [T]here was no consultation ***, trial counsel made the decision that this case was going to be a jury trial."

Attached to the petition were a signed affidavit and an excerpt from the trial transcript showing defendant's statement to the court on the first day of trial that he wanted a bench trial.

¶ 16        The trial court entered a handwritten order summarily dismissing defendant's postconviction petition at the first stage of proceedings, characterizing it as "frivolous and patently without merit and contradicted by the record."

¶ 17        Defendant appealed.

¶ 18                              II. ANALYSIS

¶ 19                              A. Forfeiture

¶ 20        Despite raising multiple issues in his postconviction petition, defendant appeals only the dismissal of his claim that he received ineffective assistance of trial counsel where his attorney denied him the right to waive a jury trial. The State contends that defendant has forfeited this issue for failing to raise it on direct appeal. Defendant counters that he could not have raised this issue on direct appeal because it relies on facts outside of the record.

¶ 21        A postconviction petition is not a direct appeal from a judgment. *People v. Kimble*, 348 Ill. App. 3d 1031, 1034 (2004). Rather, it is a "collateral proceeding that permits inquiry only into constitutional issues that defendant did not raise and could not have raised on direct appeal." *Id.* Thus, issues that could have been raised on direct appeal, but were not, are considered forfeited. *Id.* However, an exception exists where "the facts relating to the claim do not appear on the face of the original appellate record." *Id.*

¶ 22        The State notes that the conversation defendant had with the trial court in which he stated his desire for a bench trial and was given the opportunity to discuss the matter with counsel appeared in the trial transcript. Therefore, the State argues, the factual basis underlying defendant's claim was part of the record on appeal, and defendant should have raised the issue at that time. As further support, the State notes that defendant's postconviction petition does not allege the existence of any off-the-record conversations between defendant and his attorney regarding defendant's right to waive his jury trial, which might present off-the-record evidence justifying his failure to raise the issue on direct appeal. Rather, according to the State, defendant's petition "specifically asserts that trial counsel had no conversations with him about waiving his right to a jury trial."

- 7 -

¶ 23    We disagree with the State's reading of defendant's petition. Defendant alleges that his trial counsel made the decision to proceed with a jury trial "without first talking to" him and that there was "no consultation" between the two. However, unlike the State, we do not take these statements to mean that defendant *never* discussed the issue of a bench with his counsel but rather that counsel made the decision to proceed with a jury trial individually, *before* the two discussed the issue, and was unreceptive to defendant's wish to have a bench trial. This reading is supported both by defendant's contention that "counsel would not allow" him to choose a bench trial, as well as by the record, which shows that the trial court granted counsel and defendant a recess on the first day of trial specifically to discuss this issue. It would therefore appear that, on at least on one occasion, defendant and his trial counsel had an off-the-record conversation about defendant's desire for a bench trial.

¶ 24    Because this off-the-record conversation, and any other in which defendant's attorney might have allegedly refused defendant's desire for a bench trial, were not part of the record on appeal, defendant could not have raised the issue at that time. *People v. Barkes*, 399 Ill. App. 3d 980, 986 (2010) (finding no forfeiture where the postconviction claims defendant did not raise on direct appeal were based on off-the-record statements counsel allegedly made to him). Contrary to the State's assertion, defendant's statement to the trial court that he wanted a bench trial would not, on its own, have established that he was denied the right to choose one by counsel. We therefore reject the State's forfeiture argument.

¶ 25                                        B. Constitutional Claim

¶ 26    The Post-Conviction Hearing Act (Act) provides a remedy to criminal defendants who allege their convictions were the result of a substantial denial of their rights under the United States Constitution, the Illinois Constitution, or both. 725 ILCS 5/122-1 *et seq.* (West

2022); *People v. Hodges*, 234 Ill. 2d 1, 9 (2009). The Act provides a three-stage process for adjudicating postconviction petitions. *Id.* at 10. At the first stage, the court must determine if a petition is frivolous or patently without merit. *Id.* A petition is frivolous or patently without merit where it has no arguable basis in either law or fact, in that it relies on an indisputably meritless legal theory or a fanciful factual allegation. *Id.* at 11-12, 16. An indisputably meritless legal theory is one which is completely contradicted by the record, while fanciful factual allegations are those which are fantastic or delusional. *Id.* at 16-17. Because first-stage petitions are frequently drafted by *pro se* petitioners, the threshold for surviving summary dismissal is low. *Id.* at 9. Such petitions need only present a limited amount of detail and need not set forth the constitutional claim in its entirety. *People v. Edwards*, 197 Ill. 2d 239, 244 (2001). It is enough to present the gist of a constitutional claim. *Id.* at 245 (emphasizing that a gist is "something less than a completely pled or fully stated claim"). Further, courts may not engage in fact-finding or credibility determinations at the first stage but must instead take the allegations in the petition as true and construe them liberally in the petitioner's favor in order to make out a claim. *People v. Boclair*, 202 Ill. 2d 89, 99 (2002); *People v. Coleman*, 183 Ill. 2d 366, 382 (1998). Dismissal of a postconviction petition at the first stage is reviewed *de novo*. *Hodges*, 234 Ill. 2d at 9. A court of review is therefore free to substitute its own judgment for that of the trial court. *Edwards*, 197 Ill. 2d at 247.

¶ 27 The State first argues that defendant's petition was properly dismissed because the claims within it are positively rebutted by the record. Specifically, the State contends that the record shows (1) defendant and counsel discussed the issue of a bench trial during a court recess, despite defendant's contention that no consultation ever occurred between the two, (2) defendant's demand for a bench trial was merely one of many acts intended to delay the trial

and not a genuine request, (3) defendant never mentioned the desire for a bench trial again at any point during his trial, despite having numerous opportunities to do so, and (4) defendant's lack of objection when the trial court stated he was lying about wanting a bench trial was an "adoptive admission" of the statement.

¶ 28        We have already addressed the State's first contention. To reiterate, we do not consider defendant's allegation that his attorney elected to have a jury trial with "no consultation" as suggesting that the two never discussed the issue at all but rather that a decision was reached by counsel independently.

¶ 29        We also do not agree with the State's second contention that the record shows defendant's request for a bench trial was a disingenuous attempt to delay trial. Nor do we accept that defendant's request was, in fact, genuine. It is not our role at the first stage of proceedings to assess defendant's credibility or establish the truth of his assertions. *Coleman*, 183 Ill. 2d at 382. On the contrary, we must take all allegations in defendant's petition as true to determine if they present the gist of a constitutional claim. *Edwards*, 197 Ill. 2d at 244. Defendant's petition states that he wanted a bench trial and was denied one by his attorney. That the record shows he made numerous other demands at trial, had frequent outbursts, and was generally resistant to court proceedings does not allow us to conclude, without an evidentiary hearing, that this particular statement was false.

¶ 30        The State is correct in its third argument that defendant never raised the issue of a bench trial again at any point in the course of his trial. However, this does not necessarily contradict his petition's assertion that he wanted one. It could simply mean he never felt it useful or beneficial to raise the issue again. See *People v. Townsend*, 2020 IL App (1st) 171024, ¶ 36 (finding that the defendant's silence when counsel requested a jury trial did not affirmatively

rebut his claim that he wanted a bench trial). In fact, it is equally as easy to conclude from the record that defendant's failure to raise the issue again at trial *supports* his allegation that he was told by trial counsel, possibly during the trial court's recess, that the decision between a bench or jury trial was not his to make. Again, this determination is reserved for later proceedings. At the first stage, we find only that defendant's silence does not necessarily contradict the claim in his petition.

¶ 31   Finally, the State argues that defendant's failure to object to the trial court's statement that he lied about wanting a bench trial was an adoptive admission of that statement. An adoptive admission occurs when an accusatory statement is made in the presence of the accused and the accused does not contest the accusation, thereby "adopting" it. *People v. Barber*, 93 Ill. App. 3d 911, 914 (1981). However, critically, the adoptive admission rule is an evidentiary rule. *Id.* at 914-15. Where a defendant adopts an accusatory statement, the adoption is treated as an admission for purposes of establishing an exception to hearsay. *People v. Campbell*, 332 Ill. App. 3d 721, 734 (2002). We find it inapplicable to the situation before us, which does not concern the admission of evidence. More to the point, we do not consider defendant's failure to object to the court's characterization of his request as a lie to positively rebut the allegation in his petition, as we do not consider it to be definitive proof that his request was made in bad faith.

¶ 32   Having found the allegations in defendant's petition are not contradicted by the record, we next consider whether, liberally construed, they present the gist of a constitutional claim. We find they do.

¶ 33   Undeniably, defendant's petition is lacking in certain details. The totality of his allegation is that counsel made the decision to have a jury trial without first talking to him and

denied him the right to "pick and choose" the type of trial he wanted. Defendant's petition is silent on the specifics of any conversations he had with his attorney, such as where or when such conversations occurred and what particularly was said. He also never explicitly alleges that he wanted a bench trial or that counsel knew of that desire. Because of this, the State argues, the allegations in his petition are factually insufficient.

¶ 34     We disagree. As stated previously, petitions are to be liberally construed in light of the record and need not set forth the entirety of a claim in order to survive first-stage dismissal. It is enough to allege *some* facts that are objective and can be corroborated. *Hodges*, 234 Ill. 2d at 10. While defendant does not explicitly state he wanted a bench trial, we find his allegations that he was denied the right to "pick and choose what type of trial" he wanted, combined with his assertion that "[t]he lawyer chose to have a jury trial," as well as his on-the-record request for a bench trial, sufficiently demonstrate that he, arguably, desired to have a bench trial. Further, as discussed previously, when liberally construed, defendant's assertion that counsel "would not allow" him to choose a bench trial sufficiently demonstrates that the two discussed the issue, counsel was made aware of defendant's wishes, and counsel ultimately rejected them.

¶ 35     In considering the sufficiency of defendant's allegations, we are guided by our decision in *People v. Lemons*, 242 Ill. App. 3d 941 (1993), and the supreme court's subsequent decision in *Edwards*. In *Lemons*, we held that the defendant's failure to allege specifics regarding the ways in which her trial counsel allegedly coerced her into pleading guilty justified dismissal of her postconviction petition at the first stage. *Id.* at 945-46. However, in *Edwards*, our supreme court rejected this approach, finding it placed too heavy a burden on *pro se* defendants and was inconsistent with the requirement that first-stage petitions need only present the gist of a

constitutional claim, as opposed to a fully stated claim. *Edwards*, 197 Ill. 2d at 244. Therefore, in keeping with *Edwards*, we will not find defendant's petition insufficient merely for failing to provide specifics regarding his attorney's refusal to allow him to proceed with a bench trial.

¶ 36        To conclude, while defendant's allegations are undetailed and incomplete, they are nevertheless sufficient to support the gist of a constitutional claim. Although, as the State argues, defendant's assertion that counsel denied him a bench trial that he wanted may be unlikely, when read in conjunction with the record, it cannot be classified as either fantastic or delusional.

¶ 37        Furthermore, taking these allegations as true, defendant's petition has an arguable basis in law. Defendants have a constitutional right to effective assistance of counsel, violations of which are cognizable under the Act. *People v. Jackson*, 205 Ill. 2d 247, 258-59 (2001). At the first stage of postconviction proceedings, a defendant alleging ineffective assistance of counsel must show that it is *arguable* that (1) counsel's performance fell below an objective standard of reasonableness and (2) the defendant was prejudiced as a result. *Hodges*, 234 Ill. 2d at 17. To this end, under both the federal and state constitutions, defendants have the right to a trial by jury, which includes the right to *waive* a trial by jury. *People ex rel. Daley v. Joyce*, 126 Ill. 2d 209, 213, 222 (1988). The choice to waive a jury trial belongs to the defendant alone, not his attorney. *People v. Ramey*, 152 Ill. 2d 41, 54 (1992). Prejudice is typically shown where there is a reasonable probability that the outcome of a trial would have been different absent counsel's alleged error. *People v. Strickland*, 466 U.S. 668, 694 (1984). However, where a defendant alleges counsel's error compromised his ability to choose the type of trial he had, prejudice is shown where, absent the alleged error, the defendant would have chosen differently. See *People v. Todd*, 178 Ill. 2d 297, 318 (1997) (Where counsel's error caused the defendant to waive his

right to a jury trial, "the relevant question under the prejudice component of the *Strickland* standard is 'whether there exists a reasonable likelihood that the defendant would not have waived his jury right in the absence of the alleged error.' "); *Townsend*, 2020 IL App (1st) 171024, ¶ 24 ("Where a defendant claims that trial counsel was ineffective for usurping the defendant's right to waive a jury trial, the defendant need not show that a bench trial would have reached a different outcome in order to satisfy the *Strickland* analysis.").

¶ 38 Here, defendant alleges trial counsel denied him the right to elect to have a bench trial. Counsel's usurpation of a fundamental right belonging exclusively to defendant arguably fell below an objective standard of reasonableness. Further, because defendant wished to have a bench trial and would have chosen one absent counsel's alleged interference, he was arguably prejudiced by counsel's actions. Defendant's petition has therefore set forth an arguably meritorious legal theory.

¶ 39 We emphasize that we make no findings here as to whether defendant is entitled to an evidentiary hearing or whether his ineffective assistance of counsel claim is ultimately meritorious. Such determinations will occur at later stages of proceedings on this petition. See *Edwards*, 197 Ill. 2d at 257-58. However, giving defendant's petition a liberal reading, taking all allegations contained within it as true, and resolving borderline issues in defendant's favor, we find that defendant's petition stated the gist of a constitutional claim, and the trial court was incorrect to dismiss it as frivolous and patently without merit.

¶ 40 III. CONCLUSION

¶ 41 For the reasons stated, we reverse the trial court's judgment.

¶ 42 Reversed.