NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2025 IL App (4th) 241450-U

NO. 4-24-1450

IN THE APPELLATE COURT

FILED
August 27, 2025
Carla Bender
4th District Appellate
Court, IL

OF ILLINOIS

FOURTH DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Peoria County |
| ONTARIO L. ALEXANDER, | ) | No. 20CF663 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | Katherine S. Gorman, |
| | ) | Judge Presiding. |

JUSTICE LANNERD delivered the judgment of the court.
Justices Vancil and Grischow concurred in the judgment.

**ORDER**

¶ 1   *Held*:   The trial court erred in summarily dismissing defendant's postconviction petition because it set forth the gist of a constitutional claim.

¶ 2   On October 15, 2024, the trial court summarily dismissed the *pro se* postconviction petition of defendant, Ontario L. Alexander, following his convictions for first degree murder (720 ILCS 5/9-1(a)(1) (West 2020)) and unlawful possession of a weapon by a felon (UPWF) (*id.* § 24-1.1(a)). On appeal, defendant contends the court erred in summarily dismissing his postconviction petition because it set forth the gist of a claim that he received ineffective assistance of counsel where defense counsel denied him the opportunity to waive his right to a jury trial and proceed with a bench trial. We reverse.

¶ 3                                  I. BACKGROUND

¶ 4   At the outset, we note defendant's contention on appeal relates solely to whether

his *pro se* postconviction petition set forth the gist of a claim that he received ineffective assistance of counsel where defense counsel denied him the opportunity to waive his right to a jury trial and proceed with a bench trial. Consequently, we have included only those facts necessary to address defendant's argument. For a more detailed recitation of the factual background, see *People v. Alexander*, 2024 IL App (3d) 210575-U.

¶ 5        In November 2020, the State charged defendant with first degree murder (count I) (720 ILCS 5/9-1(a)(1) (West 2020)), alleging, on November 15, 2020, defendant "without lawful justification and with the intent to kill Roosevelt Hunter, personally discharged a firearm and shot Roosevelt Hunter ***, thereby causing the death of Roosevelt Hunter." The State later filed a bill of indictment, alleging on November 17, 2020, defendant committed the offense of UPWF (count II) (*id.* § 24-1.1(a)).

¶ 6        At defendant's arraignment, the trial court appointed counsel to represent defendant. Defense counsel waived a formal reading of the indictment, entered a not guilty plea on defendant's behalf, and requested the case be set for jury trial. (We note defendant was represented by attorney Nathan Bach at his arraignment; however, following his arraignment, defendant was represented by attorney Kevin Lowe.)

¶ 7        On May 17, 2021, one week prior to defendant's jury trial, defendant indicated he wanted to waive his right to counsel and proceed *pro se*. Prior to accepting defendant's waiver of counsel, the trial court admonished defendant on the charges against him and possible penalties. The court also advised defendant in accordance with Illinois Supreme Court Rule 401(a) (eff. July 1, 1984). See *People v. Ward*, 208 Ill. App. 3d 1073, 1081-82 (1991). Following these admonitions, defendant reiterated his desire to proceed *pro se*, and the court granted his request. The court then inquired whether defendant would "be ready for trial next Monday," and defendant

stated he would.

¶ 8        Before jury selection, the State informed the trial court defense counsel previously requested a bifurcated trial. Based on this request, the State planned to proceed with a bifurcated trial, where the parties would "proceed on Count 1, reach a verdict, and then essentially keep the same jury and then simply have a second evidentiary portion, which would pretty much just involve entry of the Defendant's felony conviction." The court explained the bifurcated jury trial process to defendant, and defendant indicated he was comfortable proceeding in this manner.

¶ 9        Defendant represented himself *pro se* throughout his four-day jury trial from May 24 to 27, 2021. The parties initially proceeded to a bifurcated jury trial, beginning with count I. Following evidence and argument, the jury was unable to reach a unanimous verdict on count I, and the trial court declared a mistrial on that count. The parties immediately proceeded to trial on count II, and the jury found defendant guilty. The State informed the court it intended to retry defendant on count I. The court set defendant's retrial for August 23, 2021.

¶ 10        In June 2021, defendant filed a motion requesting the trial court appoint standby counsel for him. At the hearing on defendant's motion, the court advised defendant it would not appoint standby counsel; however, it would reappoint counsel to represent him. The court then informed defendant he could think about it but cautioned him that if he wanted counsel reappointed, he should "file something *** sooner rather than later." At defendant's next court appearance, defendant requested the court reappoint counsel for him, and the court reappointed Kevin Lowe.

¶ 11        After numerous continuances, defendant's retrial began in October 2021. Following the three-day trial, the jury found defendant guilty of first degree murder.

¶ 12        In November 2021, defense counsel filed a "motion for judgment notwithstanding

verdict, or alternatively, for a new trial," alleging the State failed to prove defendant guilty of both counts beyond a reasonable doubt and the trial court erred in allowing the State to utilize defendant's prior convictions for theft and aggravated battery for impeachment purposes. After hearing arguments, the court denied the motion.

¶ 13    The trial court held defendant's sentencing hearing on December 10, 2021. At the hearing, the victim's sister, Cherell Buckner, made a victim impact statement and read a statement written by the victim's mother. Following these statements, the State requested the court sentence defendant to "a significant [prison] sentence." Defense counsel requested the court sentence defendant to the statutory minimum term of imprisonment on both counts. Defendant made a statement in allocution, maintaining his innocence and raising multiple contentions of error. During his statement, defendant specifically questioned "why my public defender and [the] state's attorney withheld evidence from me" and why defense counsel initially objected to a jury instruction regarding the firearm enhancement but later agreed it should be given. Following defendant's statement, the court sentenced defendant to 50 years' imprisonment on count I, to run consecutively to 2 years' imprisonment on count II, for an aggregate of 52 years' imprisonment. The court never addressed the contentions of error raised by defendant during his statement in allocution.

¶ 14    Defendant filed a direct appeal, arguing he was denied the right to a fair trial based on cumulative error and the trial court erred by failing to conduct a preliminary inquiry pursuant to *People v. Krankel*, 102 Ill. 2d 181 (1984), following defendant's statements at sentencing. On direct appeal, the Third District held defendant was not denied the right to a fair trial but remanded for a preliminary *Krankel* inquiry. *Alexander*, 2024 IL App (3d) 210575-U, ¶¶ 42, 46.

¶ 15    On August 12, 2024, while defendant's direct appeal was still pending, defendant filed a *pro se* postconviction petition, alleging (1) he was illegally seized and arrested without a valid search warrant, (2) the trial court violated Illinois Supreme Court Rule 431(b) (eff. July 1, 2012), (3) the State presented "prejudicial and inadmissible" hearsay evidence from defendant's interrogation video, (4) defendant's gray Nike sweatshirt was irrelevant and "unfairly prejudicial" evidence, (5) his prior conviction for aggravated battery should not have been admitted for impeachment purposes, (6) the State made improper remarks during its closing argument, (7) "[t]he probative value of the DNA from the murder weapon was substantially outweighed by the danger of unfair prejudice," (8) defendant's fifth amendment (U.S. Const., amend. V) right was violated, (9) defense counsel was ineffective for failing to contact witnesses on defendant's behalf, and (10) defense counsel was ineffective because defense counsel "failed to help [defendant] obtain a bench trial" after defendant informed counsel he wished to have a bench trial. Defendant's petition also stated, "Petitioner is without evidence or exhibits of the ineffective assistance of counsel, because those conversations and requests was [*sic*] off-record, confidential, and verbal."

¶ 16    The trial court entered a written order on October 15, 2024, summarily dismissing defendant's postconviction petition as frivolous, patently without merit, and contradicted by the record.

¶ 17    This appeal followed.

¶ 18                    II. ANALYSIS

¶ 19    On appeal, defendant contends the trial court erred in summarily dismissing his *pro se* postconviction petition because it set forth the gist of a constitutional claim. Despite raising multiple issues in his postconviction petition, defendant only appeals the dismissal of his claim he

received ineffective assistance of counsel where defense counsel denied him the opportunity to waive his right to a jury trial and proceed with a bench trial. In response, the State asserts the court properly dismissed defendant's petition because it "failed to allege facts sufficient to support a claim that [defendant's] trial counsel usurped [defendant's] choice between a jury and bench trial and contain[ed] no claim that [defendant] was prejudiced."

¶ 20 Proceedings under the Post-Conviction Hearing Act (725 ILCS 5/122-1 *et seq.* (West 2024)) have three stages. *People v. Allen*, 2015 IL 113135, ¶ 21. "At the first stage, the circuit court must review the petition within 90 days of its filing and determine whether the petition states the gist of a constitutional violation." *People v. Bailey*, 2017 IL 121450, ¶ 18. "The allegations of the petition, *taken as true and liberally construed*, need only present the gist of a constitutional claim." (Emphasis added.) *People v. Brown*, 236 Ill. 2d 175, 184 (2010). Moreover, because the court must take the allegations in the petition as true and liberally construe them in the defendant's favor, the court is prohibited from engaging in any fact-finding or credibility determinations at the first stage. *People v. Boclair*, 202 Ill. 2d 89, 99 (2002).

¶ 21 "The 'gist' of a constitutional claim means the petition meets the pleading requirements of section 122-2, even if the petition lacks formal legal arguments or citations of legal authority." *People v. Williams*, 2024 IL 127304, ¶ 15. Section 122-2 of the Post-Conviction Hearing Act requires the petition to "have attached thereto affidavits, records, or other evidence supporting its allegations or shall state why the same are not attached." 725 ILCS 5/122-2 (West 2024)). However, the "[f]ailure to attach independent corroborating documentation or explain its absence may, nonetheless, be excused where the petition contains facts sufficient to infer that the only affidavit the defendant could have furnished, other than his own sworn statement, was that of his attorney." *People v. Hall*, 217 Ill. 2d 324, 333 (2005).

¶ 22    If the trial court determines the petition does not present the gist of constitutional claim, it must summarily dismiss the petition as frivolous or patently without merit. *People v. Boykins*, 2017 IL 121365, ¶ 9. "A petition is frivolous or patently without merit only if it has no arguable basis in law or fact." *Williams*, 2024 IL 127304, ¶ 17. "A petition lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as one that is completely contradicted by the record." *People v. Petrenko*, 237 Ill. 2d 490, 496 (2010). "A petition lacks an arguable basis in fact when it is based on a 'fanciful factual allegation,' which includes allegations that are 'fantastic or delusional' or belied by the record." *People v. Morris*, 236 Ill. 2d 345, 354 (2010).

¶ 23    We review the trial court's summary dismissal of a postconviction petition *de novo*. *People v. Matthews*, 2022 IL App (4th) 210752, ¶ 61.

¶ 24    All defendants have a right to the effective assistance of counsel, as guaranteed by the United States and Illinois Constitutions (U.S. Const., amends. VI, XIV; Ill. Const. 1970, art. I, § 8). *People v. Jackson*, 205 Ill. 2d 247, 258-59 (2001). Violations of a defendant's right to the effective assistance of counsel "are cognizable under the Post-Conviction Hearing Act." *Id.* Consequently, " '[a]t the first stage of postconviction proceedings under the [Post-Conviction Hearing] Act, a petition alleging ineffective assistance may not be summarily dismissed if (i) it is *arguable* that counsel's performance fell below an objective standard of reasonableness and (ii) it is *arguable* that the defendant was prejudiced.' " (Emphases in original.) *People v. Tate*, 2012 IL 112214, ¶ 19 (quoting *People v. Hodges*, 234 Ill. 2d 1, 17 (2009)).

¶ 25    In addition to the right to the effective assistance of counsel, all defendants have a constitutional right to a jury trial (U.S. Const., amends. VI, XIV; Ill. Const. 1970, art. I, §§ 8, 13). Our supreme court has held a defendant's constitutional right to a jury trial "includes the right to

waive a jury trial." *People v. Bannister*, 232 Ill. 2d 52, 65 (2008). Moreover, the decision to waive a jury trial belongs to the defendant alone, not his attorney. See *People v. Robinson*, 2012 IL App (4th) 101048, ¶ 33 ("[T]here are five decisions that a criminal defendant has a right to make personally: (1) whether to plead guilty, (2) whether to waive the right to a trial by jury, (3) whether to testify, (4) whether to appeal, and (5) whether to request jury instructions on lesser-included [offenses]."). Consequently, when defense counsel usurps a defendant's decision to waive his right to a jury trial, counsel's performance falls below an objective standard of reasonableness. See *People v. McCall*, 2025 IL App (4th) 240082-U, ¶ 38 ("Counsel's usurpation of a fundamental right belonging exclusively to defendant arguably fell below an objective standard of reasonableness.").

¶ 26        In this case, defendant's petition alleged defense counsel provided ineffective assistance where "[defendant] consoled [*sic*] with counsel about wanting to have a bench trial, [and] counsel failed to help [defendant] obtain an [*sic*] bench trial." Additionally, defendant's petition asserted defendant did not have "evidence or exhibits" to support this claim because his conversations with counsel were "off-record, confidential, and verbal." The State argues defendant's allegation was factually insufficient to present the gist of a constitutional claim. We disagree. Although we recognize defendant's allegation lacks specific details about his conversation with defense counsel, the threshold for survival at the first stage of postconviction proceedings is low. See *Hodges*, 234 Ill. 2d at 9 ("[A] defendant at the first stage need only present a limited amount of detail in the petition."). *Taking defendant's allegation as true and liberally construing it in his favor*, as we must at this stage, defendant's allegation sufficiently demonstrates defendant informed defense counsel he wanted a bench trial and defense counsel usurped defendant's right to waive a jury trial by failing to honor defendant's wishes.

¶ 27 The State relies on *People v. Powell*, 281 Ill. App. 3d 68 (1996), to support its contention defendant's allegation is factually insufficient. In *Powell*, the defendant, after being convicted at a jury trial, filed a *pro se* posttrial motion alleging trial counsel was ineffective for, *inter alia*, advising him to proceed with a bench trial, rather than a jury trial. *Id.* at 70. The trial court appointed new counsel to "assist [the defendant] with these claims." *Id.* After a hearing on the motion, at which the trial court heard testimony from trial counsel and the defendant, the court denied the motion, finding trial counsel's advice to the defendant about the benefits of a jury trial was " 'certainly within the realm of professional tactics.' " *Id.* at 72. On appeal, the defendant argued the "record establish[ed] that [trial] counsel disregarded [defendant's] desire for a bench trial[ ] *** [in] violation of the defendant's personal right to a bench trial under the Illinois Constitution." (Internal quotation marks omitted.) *Id.* This court affirmed the trial court's decision, finding "an attorney's recommendation to his client to have a jury trial in a criminal case, as opposed to a bench trial, constitutes a matter of strategy or tactics and cannot support a claim of ineffective assistance of counsel." *Id.* at 74.

¶ 28 We find *Powell* distinguishable in two respects. First, it is procedurally distinguishable from the instant case. *Powell* involved the trial court's denial of a posttrial motion alleging ineffective assistance of counsel following an evidentiary hearing where the defendant was represented by counsel. *Id.* at 70-73. (We note, based on the factual background discussed in *Powell*, it is evident the attorney appointed for the defendant was appointed pursuant to *Krankel*, even though no preliminary *Krankel* inquiry occurred. See *People v. Harkey*, 2025 IL App (4th) 230523, ¶ 90 ("There are sound policy reasons why a trial court might choose to directly appoint new counsel to investigate a defendant's posttrial claims of ineffectiveness by his trial counsel *** without first conducting a *Krankel* inquiry.").) Conversely, this case involves the trial court's

summary dismissal of defendant's *pro se* postconviction petition at the first stage. The trial court's review of a postconviction petition at the first stage is more deferential than its review of ineffective assistance of counsel claims following an evidentiary hearing. Following an evidentiary hearing, the trial court determines the merits of the defendant's claim. See *People v. Boose*, 2025 IL App (4th) 231467, ¶ 37 ("[A]t an adversarial evidentiary hearing conducted pursuant to *Krankel*, a defendant is only entitled to relief upon a determination by the trial court that the defendant has established both prongs of the *Strickland*[ *v. Washington*, 466 U.S. 668 (1994),] analysis, *i.e.*, deficiency and prejudice." (Emphasis omitted.)). On the other hand, an allegation set forth in a *pro se* postconviction petition must only set forth the gist of a constitutional claim to survive summary dismissal by the trial court. *Bailey*, 2017 IL 121450, ¶ 18. The second distinguishing factor, as noted by the First District in *People v. Townsend*, 2020 IL App (1st) 171024, ¶ 35, is "the trial counsel in *Powell* merely advised the defendant to elect a jury trial." Conversely, defendant's allegation in this case does not mention defense counsel's advice. The allegation, *liberally construed and taken as true*, is defense counsel failed to honor defendant's directives after defendant informed counsel he wanted a bench trial.

¶ 29        We find this case more analogous to *McCall* and *Townsend*. In those cases, the defendants filed *pro se* postconviction petitions that alleged defense counsel usurped the defendant's right to waive a jury trial. The First District and this court found this type of allegation sufficient to survive summary dismissal at the first stage of postconviction proceedings.

¶ 30        The State further argues defendant's petition failed to allege he was prejudiced by defense counsel's actions. We disagree. "[W]here a defendant alleges counsel's error compromised his ability to choose the type of trial he had, prejudice is shown where, absent the alleged error, the defendant would have chosen differently." *McCall*, 2025 IL App (4th) 240082-U,

¶ 37. Similar to *McCall*, we can infer, based on the allegation in defendant's petition, that defendant would have proceeded to a bench trial because he informed defense counsel this was his desire. *Id.* ¶ 38.

¶ 31     Consequently, we find defendant's petition stated the gist of a constitutional claim and the trial court erred when it summarily dismissed his petition. We note this holding is in no way intended to express an opinion as to whether defendant will ultimately prevail on his claim of ineffective assistance of counsel.

¶ 32                    III. CONCLUSION

¶ 33     For the reasons stated, we reverse the trial court's judgment and remand the cause for second-stage postconviction proceedings.

¶ 34     Reversed and remanded.